PER CURIAM:
The Claimant brought this action for vehicle damage which occurred when his 2004 Ford Focus struck a series of holes on the entrance ramp onto State Route 2 near Benwood, Marshall County. State Route 2 is a public road maintained by the Respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred between 8:30 and 9:00 a.m. on June 24,2009. State Route 2 has a speed limit of forty-five miles per hour. At the time of the incident, the Claimant was traveling north on State Route 2 and was driving within the speed limit. The Claimant stated that road work was being performed in this area to replace the road’s center dividers. Although State Route 2 is a two-lane road, the traffic was limited to one lane due to the construction. As the *160 Claimant was traveling onto the interstate from the entrance ramp from McMechen, his vehicle struck holes in the road. The Claimant stated that he was driving up the hill and was unable to see the holes due to the incline. The Claimant tried to avoid the holes but was unable to do so. The Claimant did not recall which hole caused the damage to his vehicle, but he stated that the holes were approximately six inches wide and between eight to ten inches deep. He stated that he had not traveled on the road while it was under construction. As a result of this incident, the Claimant’s vehicle sustained damage to its front, passenger side tire in the amount of $116.60.
The position of the Respondent is that it did not have actual or constructive notice of the condition on State Route 2 near Benwood in Marshall County. Rick D. Poe, County Administrator for the Respondent in Marshall County, testified that he is familiar with the area where the Claimant’s incident occurred. He stated that Karl Kelley Paving & Construction, a contractor, was replacing the median wall at this location. Mr. Poe further stated that the contractor had placed “road construction” signs, “single lane ahead” signs, and barrels in this area. Mr. Poe testified that the Respondent had received complaints regarding the general condition of the roadway, but he did not recall receiving complaints regarding the series of holes that Claimant’s vehicle struck. He stated that Larry Jones, an inspector for the Respondent, was responsible for contacting the contractor and having the contractor repair defective roadway conditions. If the contractor was unavailable, then the Respondent would perform the repairs.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold the Respondent liable for road defects of this type, a Claimant must prove that the Respondent had actual or constructive notice of the defect and a reasonable amount of time to take corrective action. Pritt v. Dept of Highways, 16 Ct. Cl. 8 (1985); Chapman v. Dept of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court finds that the Respondent had, at the least, constructive notice of the condition of the roadway on State Route 2. The Court finds that although a contractor was performing maintenance at this location, the Respondent was also responsible for patching holes on this road. Since the road was in disrepair at the time of this incident, the Court finds the Respondent negligent. Thus, the Claimant may make a recovery in this claim in the amount of $ 116.60.
It is the opinion of the Court of Claims that the Claimant should be awarded the sum of $116.60.
Award of $116.60.